IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON J.[1]<br><br>      Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-566 DBP<br><br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Jason J., appeals the denial of his application for disability and disability insurance benefits under the Social Security Act, 42 U.S.C. § 401, et seq. The matter is fully briefed obviating any need in this case for oral argument. After careful consideration of the entire record and the parties' briefs, the Commissioner's decision is affirmed and Mr. J.'s Motion for Review of Agency Action is denied for the reasons set forth herein.[2]

## BACKGROUND

Claimant filed an application for disability and disability insurance benefits on May 30, 2016, alleging disability from both physical and mental impairments.[3] Claimant was 41 years on

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] The parties in this case consented to have a United States Magistrate Judge conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[3] Claimant listed the following conditions alleging disability: chronic pain syndrome, facet syndrome, cervil dystonia, lumbar spine pain, thoracic back pain. TMJ, otalgia of both ears, chronic mixed headace syndrome, memory loss, and insomnia secondary to depression with anxiety. (Tr. 416). Tr. refers to the transcript of the record in this case.

his alleged disability date and completed high school. He has past work experience as a pipefitter, cable installer, and a surface dispatcher.

A hearing and subsequent hearing with additional medical evidence, was held before an Administrative Law Judge (ALJ) on Claimant's application. The ALJ denied Claimant's application and following an appeal, the matter was remanded by the Appeals Council for further consideration. The Appeals Council instructed the ALJ to obtain additional evidence regarding Claimant's chronic inflammatory demyelinating polyradiculoneuropathy (CIDP),[4] further evaluate his symptoms, consider Claimant's maximum residual functional capacity, and if needed, obtain supplemental evidence form a vocational expert to clarify the effect of limitations on Claimant's possible occupations. (Tr. 16.)

After a hearing where Claimant was represented by counsel, the ALJ issued a decision following the agency's five-step sequential evaluation process in determining disability.[5] At step two, the ALJ found Claimant has the severe impairments of degenerative disc disease, fibromyalgia, polyneuropathy, migraines, carpal tunnel syndrome, and a history of CIDP, with no focal deficits. (Tr. 19.) At step three, the ALJ found Claimant's impairments, or combination of impairments, did not meet or equal a listed impairment. *See* 20 CFR 404.1520(d), 404.155, and 404.1526. The ALJ noted that Claimant "also does not allege he suffers from an impairment or combination of impairments that meets or medically equals [a listing]." (Tr. 21.) After considering the record, the ALJ found Claimant has the residual functional capacity (RFC) to

---

[4] "Chronic inflammatory demyelinating polyneuropathy (CIDP) is a neurological disorder characterized by progressive weakness and impaired sensory function in the legs and arms. The disorder, which is sometimes called chronic relapsing polyneuropathy, is caused by damage to the myelin sheath (the fatty covering that wraps around and protects nerve fibers) of the peripheral nerves." National Institute of Neurological Disorders and Stroke available at https://www.ninds.nih.gov/health-information/disorders/chronic-inflammatory-demyelinating-polyneuropathy-cidp (last accessed January 9, 2023).

[5] *See* 20 CFR 404.1520(a) (describing the five-step evaluation process); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework the Social Security Administration uses to determine disability).

perform a range of medium work. The ALJ further limited Claimant to "goal-oriented but not assembly line paced work [and] to simple, unskilled work." *Id.*

Based on Claimant's RFC and testimony from a vocational expert, the ALJ determined Claimant could perform other jobs existing in significant numbers in the national economy. These include an office helper, a ticket seller, and a parking lot attendant. Thus, Claimant was not disabled. The agency's Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's decision final for purposes of judicial review. *See* 20 C.F.R. § 404.918; *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir.2003). Claimant asserts multiple errors in the ALJ's decision that the court addresses below.

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). As noted by the Supreme Court, "an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek*, 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006)

(quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

## DISCUSSION

Claimant asserts the following errors. First, the ALJ failed to properly address all the opinion evidence. Second, the ALJ erred in failing to resolve a conflict in the vocational expert's testimony. Third, the ALJ failed to address all of Claimant's impairments at step three. And fourth, the ALJ failed to include non-severe limitations in his RFC.

At the outset, the court addresses Claimant's third and fourth arguments finding them readily dismissible because they were abandoned prior to this appeal. This case is not analogous to *Sims v. Apfel*, 530 U.S. 103, 120 S.Ct. 2080 (2000), where a claimant failed to include issues on appeal before the Social Security Appeals Council but was still allowed to pursue them. Instead, Claimant denied that he met or medically equaled a listed impairment in the proceedings before the ALJ. In the decision the ALJ states: "At this hearing, the claimant also does not allege that he suffers from an impairment or combination of impairments that meets or medically equals … one of the listed impairments …." (Tr. 21.) The Tenth Circuit has specifically noted that an ALJ should "'ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored,'" and the ALJ "'may ordinarily require counsel to identify the issue or issues requiring further development.'" *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004) (quoting

4

*Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997)). Counsel represented Claimant at the hearing before the ALJ and there is nothing before the court leading it to diverge from this general principle. Thus, Claimant's step three argument that was not raised before the ALJ fails.

In similar fashion, Claimant's brief before the ALJ did not allege any severe mental impairments and Claimant's counsel readily admitted this during the hearing. (Tr. 45.) Claimant's arguments that the ALJ failed to adequately consider his mental impairments rings hollow. In reply, Claimant asserts the ALJ should have still considered his non-severe mental impairments in formulating an RFC. Yet, this is precisely what the ALJ did. The ALJ thoroughly discussed the psychological consultative evaluation from Dr. Jonathan Ririe and noted Claimant's mild mental impairments, "including a diagnosis of depressive disorder due to an autoimmune disorder and chronic pain." (Tr. 20.) The ALJ also adequately considered other non-severe impairments such as obesity in his RFC finding. The court finds no error here.

Claimant's first argument—that the ALJ failed to properly address all opinion evidence—is likewise not persuasive. Claimant specifically alleges that the ALJ erred by not weighing the opinion of Dr. Geri Alldredge, who is a psychologist. Dr. Alldredge stated that Claimant "may not be able to adequately manage funds on his own behalf. This is based on his reported memory impairments as well as his depressive symptoms." (Tr. 2353.) Dr. Alldredge opined "major depressive disorder" and assessed a Global Assessment of Functioning (GAF) score of 34. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." *Langley v. Barnhart*, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004) (quotation

5

omitted). A GAF score of 31-40 indicates "some impairment in reality testing or communication" or "major impairment in several areas, such as work or school, family relations, judgment, thinking or mood." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed.2000) at 34.

"The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). An ALJ must discuss evidence that both supports their decision, and "uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. Here, the ALJ thoroughly discussed the vast amount of medical evidence in the record. This included opinions from Dr. Parbhu, Dr. Qutub, Dr. Bennion, Dr. Stein who testified at Claimant's first hearing, Dr. Campbell, Dr. Ririe, Dr. Stevens, and Dr. Morrison. The ALJ weighed these opinions and noted some evidence that supports Claimant's assertion of disability including a diagnosis of depressive disorder. Overall, the court is not persuaded that the evidence from Dr. Alldredge is uncontroverted or undermines the ALJ's analysis. The Tenth Circuit has provided that "[s]tanding alone, a low GAF score does not necessarily evidence an impairment seriously interfering with a claimant's ability to work." *Lee v. Barnhart*, 117 F. App'x 674, 678, 2004 WL 2810224, at *3 (10th Cir. 2004). And the fact that an individual "may" not be able to adequately manage funds is not enough to warrant a remand. Moreover, Claimant's argument that the ALJ failed to consider Dr. Alldredge's narrow opinion who is a psychologist, is akin to arguing the ALJ failed to consider certain mental impairments. An argument the court rejects.

6

Finally, Claimant argues the ALJ erred in failing to resolve a conflict in the vocational expert's (VE) testimony. At step five of the sequential evaluation process, the burden shifts to the Commissioner to identify specific jobs existing in substantial numbers in the national economy that Claimant can perform despite the identified limitations. The testimony of a VE may be taken, but it must come in response to an accurate hypothetical. "'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'" *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quoting *Ekeland v. Bowen*, 899 F.2d 719, 724) (8th Cir. 1990)).

Here, the ALJ limited Claimant to "simple, unskilled work" that may be "goal-oriented but not assembly line paced work." (Tr. 21.) The "Tenth Circuit has held that a reasoning level of two is consistent with an RFC limitation to simple and routine work tasks." *Marilyn M. v. Berryhill*, No. 1:17-CV-00063-PMW, 2018 WL 4376306, at *3 (D. Utah Sept. 13, 2018); *see also Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (holding simple and routine work tasks appear inconsistent with level-three reasoning); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (holding that a limitation to simple, repetitive, and routine work is consistent with a reasoning level rating of two). The jobs of office helper and parking lot attendant identified by the VE had a reasoning level of 2 fitting within the ALJ's limitation to simple, unskilled work. Thus, even if the court presumes the ticket seller job identified by the VE exceeds Claimant's RFC as a level 3 occupation as Claimant suggests, there are sufficient jobs identified by the VE that fit within Claimant's RFC. The ALJ therefore had no need to resolve any alleged conflict. Accordingly, this argument fails.

## CONCLUSION AND ORDER

In sum, the ALJ's decision is supported by substantial evidence in the record and the correct legal standards were applied. Accordingly, for the foregoing reasons, the decision of the Commissioner is affirmed. The Clerk of Court is directed to close this case and enter judgment in favor of the Commissioner.

DATED this 18 January 2023.

_____
Dustin B. Pead
United States Magistrate Judge